WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Earl Tibbetts, | No. CV-17-2499-PHX-ROS (DKD) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Charles Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE ROSLYN O. SILVER, SENIOR U.S. DISTRICT JUDGE:

Jason Earl Tibbetts timely filed a Petition for Writ of Habeas Corpus ("Petition") in this Court. Respondents argue that Tibbetts' claims are either unexhausted, subject to a procedural bar, or without merit. As described below, the Court agrees with Respondents and recommends that Tibbetts' Petition be denied and dismissed with prejudice.

**I.    Background.**

In June 2014, Tibbetts was indicted by a Pinal County Grand Jury on one count of luring a minor for sexual exploitation, a class 3 felony, and one count of sexual exploitation of a minor, a class 2 felony. (Doc. 7, Ex. A) In November 2014, a detective in the Apache Junction police department swore an affidavit for a second search warrant of Tibbetts' cell phone to be conducted with newly released forensic technology that could obtain deleted content. (Doc. 9, Ex. R at 12).

At the conclusion of a jury trial in Pinal County Superior Court, Tibbetts was found guilty of both counts in the indictment. (Doc. 7, Ex. B) Tibbetts was sentenced to concurrent terms, the longest of which was 12 years. (Doc. 7, Ex. B) Tibbetts, through counsel, initiated a direct appeal and argued that he was prejudiced when the Superior Court denied his trial counsel's line of questioning based on Ariz. Rev. Stat. §13-1421, commonly known as the rape shield law. (Doc. 7, Exs. C, D) At the conclusion of briefing, the Arizona Court of Appeals affirmed Tibbetts' convictions and sentences. (Doc. 7, Exs. E, F)

Tibbetts then filed a Notice of Post-Conviction Relief. (Doc. 7, Ex. G) After his counsel informed the Superior Court that he could find no meritorious or colorable claims for relief, he requested an extension of time for Tibbetts to file a *pro per* petition. (Doc. 7, Ex. H) It appears that the Court granted that request and Tibbetts filed a *pro per* petition where he alleged various ways he received ineffective assistance of counsel and was subjected to errors by the trial judge. (Doc. 7, Ex. I) At the conclusion of briefing, the Superior Court ruled that the arguments in the Petition were "precluded as having been previously ruled upon or untimely filed or the Petition lack[ed] sufficient basis in law and fact to warrant further proceedings herein and no useful purpose would be served by further proceedings." (Doc. 7, Ex. J; Doc. 8, Exs. K, L at 1)

Tibbetts then appealed the Superior Court's denial of his petition to the Arizona Court of Appeals. (Doc. 8, Ex. M) At the conclusion of briefing, the Court of Appeals granted review and denied relief. (Doc. 8, Exs. N, O, P) The Court of Appeals first concluded that Tibbetts' claims of trial error were precluded under Arizona Rule of Criminal Procedure 32.2(a)(3) "because they could have been raised on appeal but not." (Doc. 8, Ex. P at ¶ 4) The Court also summarily rejected the "bulk of Tibbetts's claims of ineffective assistance of trial counsel" because he had "not provided supporting evidence or citations to the record, nor ha[d] he shown that, had counsel acted as Tibbetts believed he should have, the result of the case would have been different." (Doc. 8, Ex. P at ¶ 6) Similarly, the Court of Appeals concluded that he was not entitled to relief for any

of his ineffective assistance of appellate counsel claims "[b]ecause he ha[d] not established that any of these arguments would warrant relief on appeal." (Doc. 8, Ex. P at ¶ 8) The Court also declined to address several of Tibbetts' claims because he had not provided any supporting evidence. (Doc. 8, Ex. P at ¶¶ 9,12, n.4)

Tibbetts then filed his Petition in this Court where he argues he is entitled to relief because of ineffective assistance of trial and appellate counsel, prosecutorial misconduct, and trial court errors. (Doc. 1) Respondents argue that most of Tibbetts' claims cannot be reviewed by this Court and the ones that can be reviewed are without merit. (Doc. 6)

## II. Ineffective Assistance of Counsel Claims.

### a. Claims in the Petition that were not presented to the Court of Appeals.

A state prisoner must properly exhaust all state court remedies before this Court can grant an application for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Arizona prisoners properly exhaust state remedies by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). To fairly present a claim, a petitioner must support it with a statement of the operative facts and the specific federal legal theory. *Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Duncan*, 513 U.S. at 365-66. General appeals to broad constitutional principles, "such as due process, equal protection, and the right to a fair trial," do not establish exhaustion. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

An implied procedural bar exists if a petitioner does not fairly present his claim in state court and no state remedies remain available. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *Poland v. Stewart*, 169 F.3d 573, 586 (9th Cir. 1999); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

It is undisputed that several of Tibbetts' claims of ineffective assistance of trial counsel were raised for the first time in the Petition. Specifically, his claims that trial counsel failed to: object to irrelevant witnesses; provide discovery documents to Tibbetts, including police reports and the Grand Jury indictment; waived time without Tibbetts' presence or permission; and object to prosecutorial misconduct. (Doc. 1 at 6; Doc. 7, Ex. I; Doc. 8, Ex. M) In addition, several of Tibbetts' claims of ineffective assistance of appellate counsel were raised in the Petition for the first time. Specifically, his claims that appellate counsel failed to argue that: trial counsel should have interviewed witnesses before trial; the trial court should not have allowed certain witnesses to testify; the trial court should have conducted an evidentiary hearing; trial counsel failed to communicate with Tibbetts; trial counsel failed to provide discovery documents to Tibbetts; trial counsel waived time without Tibbetts' presence or permission; trial counsel failed to present all available defenses; and the cumulative effect of trial counsel's errors prejudiced Tibbetts. (Doc. 1 at 6; Doc. 7, Ex. I; Doc. 8, Ex. M)

Because Tibbetts did not present these claims to the Arizona Court of Appeals, they were not exhausted. And because it is now too late to do so, these claims are also subject to an implied procedural bar.

This Court can review a procedurally defaulted claim if the petitioner can demonstrate either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. 28 U.S.C. § 2254(c)(2)(B); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *States v. Frady*, 456 U.S. 152, 167-68 (1982).

Tibbetts argues "if even a single ground is <u>not</u> procedurally defaulted, then the Petitioner argues that <u>none</u> of the grounds can be defaulted as all of the claims were submitted in the same motions to the courts." (emphasis in original) (Doc. 13 at 5) Tibbetts cites no case law in support of this argument. Instead, the binding case law is that this analysis occurs claim by claim. *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007); *Insyxiengmay v. Morgan*, 403 F.3d 657, 667 (9th Cir. 2005). Tibbetts makes

no further arguments to demonstrate either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. Accordingly, the Court concludes that it cannot review these claims.

### b. With one exception, the Court cannot review the remaining ineffective assistance of counsel claims.

A claim is subject to an express procedural bar if the state court denies or dismisses a claim based on a procedural bar "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989). The U.S. Supreme Court has concluded that Arizona's "Rule 32.2(a)(3) determinations are independent of federal law because they do not depend upon a federal constitutional ruling on the merits." *Stewart v. Smith*, 536 U.S. 856, 860 (2002). *See also Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) ("adequate" grounds exist when a state strictly or regularly follows its procedural rule); *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Robinson*, 595 F.3d at 1100. If a claim is subject to an express procedural bar, this Court cannot review them.

Here, during post-conviction proceedings, the Arizona Court of Appeals rejected Tibbetts' ineffective assistance of trial counsel claims as follows:

> The bulk of Tibbetts's claims of ineffective assistance of trial counsel concern counsel's purported failure to adequately investigate and prepare the case and conduct trial. These claims warrant summary rejection because Tibbetts has not provided supporting evidence or citations to the record, nor has he shown that, had counsel acted as Tibbetts believed he should have, the result of the case would have been different. . . *see also* Ariz. R. Crim. P. 32.9(c)(1)

(Doc. 8, Ex. P at ¶ 6) The Court of Appeals then summarily rejected his ineffective assistance of appellate counsel claims:

> Tibbetts has identified eight arguments he asserts his appellate counsel should have raised on appeal. Because he has not established that any of these arguments would warrant relief on appeal, he has demonstrated neither that counsel fell below prevailing professional norms or that he was prejudiced thereby.

- 5 -

(Doc. 8, Ex. P at ¶ 8)  The Court of Appeals then reviewed some of his specific claims of ineffective assistance of appellate counsel.  (Doc. 8, Ex. P at ¶¶ 9-12)  With one exception, all of these arguments were dismissed for failing to comply with Arizona Rule of Criminal Procedure 32.9(c)(1).  Thus, these claims were subjected to an express procedural bar by the Arizona Court of Appeals and so this Court cannot review them.  As detailed above, Tibbetts has not demonstrated either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice.  Therefore, the Court concludes that it cannot review these claims.

### c.    Appellate counsel was not ineffective for failing to challenge venue or jurisdiction.

At the Court of Appeals, Tibbetts claims his counsel should have challenged venue and jurisdiction because he was tried in Pinal County.  The Court of Appeals dismissed this argument on its merits because "the court's subject-matter jurisdiction over [Tibbetts] is not implicated if the case is brought in an improper county."  (Doc. 8, Ex. P at ¶ 10)  The Court further noted that venue can be waived and that Tibbetts had not "overcome the presumption that counsel's conduct was reasonable by demonstrating that counsel's decisions were not tactical in nature, but were instead the result of ineptitude, inexperience or lack of preparation."  (Doc. 8, Ex. P at ¶10, n. 3)

In his Petition, Tibbetts argued that his counsel "failed to object to inappropriate venue and jurisdiction" and the Court will assume that this claim is properly presented for habeas review.  (Doc. 1 at 6)

Under clearly established Federal law on ineffective assistance of counsel, Tibbetts would need to show that his trial counsel's performance was both (a) objectively deficient and (b) caused him prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  This results in a "doubly deferential" review of counsel's performance.  *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011).  Here, as in the Court of Appeals, Tibbetts has not explained what would have occurred differently if his trial had occurred in a different county.  Accordingly, he is not entitled to relief.  (Docs. 1, 13 at 9-10)

**III. Claims of prosecutorial misconduct (Count 2) and trial court error (Count 3).**

During post-conviction proceedings, the Arizona Court of Appeals concluded that Tibbetts' "various claims of trial error [we]re precluded because they could have been raised on [direct] appeal but were not. Ariz. R. Crim. P. 32.2(a)(3)." (Doc. 8, Ex. P at ¶ 4) Assuming without deciding that all of the Petition's claims of prosecutorial misconduct and trial court error were also presented to the Court of Appeals, the Court concludes that these claims still cannot be reviewed because they are subject to this express procedural bar. Further, the Court concludes that Tibbetts has not demonstrated either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice.

**IV. Warrantless search claim.**

In post-conviction proceedings, Tibbetts argued that he received ineffective assistance of counsel because his appellate counsel failed to argue that trial counsel failed to argue that his cell phone was searched without a warrant. (Doc. 7, Ex. I; Doc. 8, Ex. M) Neither the Superior Court nor the Court of Appeals specifically addressed this claim. (Doc. 8, Exs. L, P) Tibbetts raised this claim in his Petition. (Doc. 1 at 6; Doc. 13 at 6-7, 10-11) The Court will assume that this claim was addressed on its merits by the Court of Appeals. *Harrington v. Richter*, 562 U.S. 86, 99 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary").

The Court concludes that this claim is based on a misunderstanding of the facts. The record indicates that law enforcement obtained two search warrants and conducted two searches of Tibbetts' phone. (Doc. 9, Exs. Q, R) The first search used technology that obtained the phone's current content and the second search used newer technology that obtained the phone's deleted content. (Doc. 9-2 at 9) Tibbetts seems to have concluded that both searches were conducted with only one warrant. (Doc. 13 at 10-11)

Because the Court concludes that both searches were proper, neither trial counsel nor appellate counsel were ineffective for failing to raise this argument.

**IT IS THEREFORE RECOMMENDED** that Jason Earl Tibbetts' Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 12th day of March, 2018.

David K. Duncan
United States Magistrate Judge