# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Earl Tibbetts,<br><br>    Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | No. CV-17-02499-PHX-ROS<br><br>**ORDER** |

In 2015, Petitioner Jason Tibbetts ("Tibbetts") was convicted in state court of one count of luring a minor for sexual exploitation and one count of sexual exploitation of a minor. After extensive proceedings in state court, Tibbetts filed a petition for writ of habeas corpus in this Court. (Doc. 1.) Magistrate Judge David Duncan issued a Report and Recommendation ("R & R"), concluding Tibbetts is not entitled to relief. (Doc. 14.) Tibbetts filed an objection, (Doc. 15), but having reviewed each ground for relief, the Court agrees with the R & R that he is not entitled to relief.

**FACTUAL BACKGROUND**

On May 23, 2014, Petitioner Jason Tibbetts was arrested in connection with his relationship with a 17-year-old girl. (Doc. 21 at 8.) On May 29, 2014, a search warrant was issued to search Tibbetts' cell phone. (Doc. 21 at 11–14.) In June 2014, a grand jury indicted Tibbetts on one count of luring a minor for sexual exploitation and one count of sexual exploitation of a minor. (Doc. 7-1 at 2.) On November 13, 2014, a second search warrant was issued to search Tibbetts' cell phone using new technology that can obtain

deleted content. (Doc. 9-2 at 2–4.) Subsequently, a jury convicted Tibbetts of both counts of the indictment and Tibbetts was sentenced to concurrent terms, the longest of which was 12 years. (Doc. 7-2 at 2–6.) Tibbetts initiated an appeal and the Arizona Court of Appeals affirmed his convictions and sentences. (Doc. 7-6.)

Tibbetts then filed a Notice of Post-Conviction Relief ("PCR") and a *pro per* petition alleging ineffective assistance of counsel and trial court errors. (Docs. 7-7.) The Superior Court of Arizona ruled that the arguments in the petition were "precluded as having been previously ruled upon or untimely filed or the Petition lack[ed] sufficient basis in law and fact to warrant further proceedings herein and no useful purpose would be served by further proceedings." (Doc. 8-2 at 2.) Tibbetts appealed and the Arizona Court of Appeals granted review and denied relief. (Doc. 8-6.)

On July 26, 2017, Tibbetts filed a petition for writ of habeas corpus in this Court. (Doc. 1.) Magistrate Judge Duncan issued an R & R, recommending the petition be denied. (Doc. 14.) Tibbetts filed an objection to the R & R. (Doc. 15.)

## STANDARD OF REVIEW

The Court "must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b)(1)(C). A proper objection requires "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); *see Warling v. Ryan*, No. CV 12-01396, 2013 WL 5276367, at *2 (9th Cir. 2013). A general objection, on the other hand, "has the same effect as would a failure to object." *Warling*, 2013 WL 5276367, at *2.

## ANALYSIS

**I. Ineffective Assistance of Counsel Claims**

   **A. Claims in the Petition that were not presented to the Court of Appeals**

Judge Duncan found the following claims of ineffective assistance of trial counsel were raised for the first time in the Petition: failure to object to irrelevant witnesses, failure to provide discovery documents to Tibbetts, waiving time without Tibbetts' presence or

permission, and failure to object to prosecutorial misconduct. (Doc. 14 at 4.) In addition, Judge Duncan found that Tibbetts raised for the first time in the Petition that appellate counsel was ineffective for failing to make the following arguments: trial counsel should have interviewed witnesses before trial, the trial court should not have allowed certain witnesses to testify, the trial court should have conducted an evidentiary hearing, trial counsel failed to communicate with Tibbetts, trial counsel failed to provide discovery documents to Tibbetts, trial counsel waived time without Tibbetts' presence or permission, trial counsel failed to present all available defenses, and the cumulative effect of trial counsel's errors prejudiced Tibbetts. (Doc. 14 at 4.) Judge Duncan concluded that because Tibbetts did not present these claims to the Arizona Court of Appeals, they were procedurally defaulted. (Doc. 14 at 4.)

A federal court may not grant habeas relief unless the petitioner "has exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To exhaust state remedies in Arizona, the petitioner must "fairly present" his claims to the Arizona Court of Appeals. *Castillo v. McFadden*, 399 F.3d 993, 998–1000 (9th Cir. 2004). This requires a description of "both the operative facts and the federal legal theory on which his claim is based so that the state courts [could] have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Id.* at 999 (quoting *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003)). If the petitioner fails to "fairly present" his claims to the state court, they are procedurally defaulted and generally barred from federal habeas review. *Id.* at 998. Exceptions arise where the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

With regard to ineffective assistance of counsel ("IAC") claims, "each 'unrelated alleged instance . . . of counsel's ineffectiveness' is a separate claim for purposes of exhaustion." *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) (citation omitted).

To show cause for procedural default in Arizona, a petitioner must demonstrate: (1) "counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984)"; and (2) "the underlying [IAC] claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012) (quoting *Martinez v. Ryan*, 566 U.S. 1, 14 (2012)).

Tibbetts does not specifically object to Judge Duncan's finding that each of the above claims was procedurally defaulted. He cites no evidence in the record that any of these claims were actually presented to the Arizona Court of Appeals. Rather, Tibbetts argues: "By appellate counsel failing to appeal all of the claims, the petitioner is now unable to raise them at all due to a procedural bar." (Doc. 15 at 5.) Counsel's failure, according to Tibbetts, was a miscarriage of justice that excuses the procedural default. (Doc. 15 at 4.) Tibbetts' procedural default cannot be excused under the fundamental miscarriage of justice exception. "[T]he miscarriage of justice exception is limited to those *extraordinary* cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt." *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008). To invoke the exception, Tibbetts must show that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Id.* at 936. Tibbetts has not met this high burden. Nor has Tibbetts shown cause for his procedural default. Tibbetts has not shown that any of the underlying IAC claims are substantial claims and PCR counsel's failure to raise those claims prejudiced him. Accordingly, the Court adopts Judge Duncan's conclusion that the IAC claims raised for the first time in the Petition are not reviewable. (Doc. 14 at 5.)

**B. Claims dismissed by the Arizona Court of Appeals**

Judge Duncan concluded that of Tibbetts' remaining IAC claims, all but one is barred from federal review because the Arizona Court of Appeals rejected the claims based on adequate and independent state procedural grounds. (Doc. 14 at 5.) "[A]n adequate and independent finding of procedural default will bar federal habeas review of the federal

claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Harris v. Reed*, 489 U.S. 255, 262 (1989). Tibbetts does not specifically object to Judge Duncan's conclusion and does not challenge that there were independent and adequate state procedural grounds for the dismissal of his claims. Further, Tibbetts has neither shown cause and prejudice nor demonstrated that failure to consider his claims would result in a fundamental miscarriage of justice. As such, the Court adopts Judge Duncan's conclusion with regard to these claims.

Tibbetts' sole remaining IAC claim is that his counsel was ineffective for failing to challenge venue or jurisdiction. Judge Duncan concluded Tibbetts is not entitled to relief pursuant to this claim because he failed to show prejudice. Because Tibbetts does not specifically object, the Court adopts Judge Duncan's conclusion.

**II.     Claims of prosecutorial misconduct and trial court error**

Tibbetts' claims of prosecutorial misconduct include assertions that the prosecution presented inconsistent witness testimony, made false statements about Tibbetts' possession of a photograph of the victim, used his confession inappropriately, used a large screen television to show a photograph of the victim, and called several irrelevant witnesses. Tibbetts also claims the trial court erred for a number of reasons, including by allowing prosecutorial misconduct, allowing a Rule 8 violation, and failing to conduct an evidentiary hearing. Judge Duncan concluded that Tibbetts' claims of prosecutorial misconduct and trial court error are barred from federal review because the Arizona Court of Appeals rejected the claims based on adequate and independent state procedural grounds: that Tibbett had not raised these claims on direct appeal pursuant to the Arizona Rules of Criminal Procedure. (Doc. 14 at 7.) Tibbetts does not specifically object and the Court accordingly adopts Judge Duncan's conclusion.

Tibbetts appears to argue that his procedural default should be excused because his counsel failed to raise his claims on appeal. However, aside from making conclusory statements that his verdict would have been overturned if appellate counsel had raised these

| | |
|---|---|
| 1 | claims, Tibbetts has not demonstrated prejudice.  (Doc. 15 at 5.)  As such, the Court adopts |
| 2 | Judge Duncan's conclusion that federal review is inappropriate here. |

### III. Warrantless search claim

Finally, Judge Duncan concluded that Tibbetts' warrantless search claim was "based on a misunderstanding of the facts." (Doc. 14 at 7.) It is undisputed that law enforcement conducted two searches of Tibbetts' phone: the first using technology that obtained the phone's current content and the second using newer technology that obtained the phone's deleted content. (Doc. 9-2 at 9.) Tibbetts believes that both searches were conducted with only one warrant. (Doc. 13 at 10–11.) The Court ordered Respondents to submit a copy of the second warrant, which Respondents provided on June 20, 2019. (Doc. 21.) The record indicates there were two warrants for the two searches: one dated May 29, 2014, and the second dated November 13, 2014. (Docs. 9 at 7; 21 at 14.) Therefore, the Court adopts Judge Duncan's conclusion that both searches were proper and neither trial counsel nor appellate counsel was ineffective in failing to raise the argument.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 14) is **ADOPTED** to the extent it is consistent with the analysis above and **REJECTED** to the extent it is inconsistent.

**IT IS FURTHER ORDERED** Tibbetts' Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

…

…

…

…

…

…

**IT IS FURTHER ORDERED** the Clerk of Court shall enter judgment in favor of Respondents.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the petition does not make a substantial showing of the denial of the constitutional right.

Dated this 5th day of September, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge