**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Earl Tibbetts, | No. CV-17-02499-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Respondents. | |

On September 6, 2019, the Court denied Petitioner Jason Earl Tibbetts' petition for writ of habeas corpus. (Doc. 23). Petitioner now seeks reconsideration of that Order. (Doc. 25).

Petitioner's federal petition asserted three claims for relief, one of which was a claim for ineffective assistance of counsel. (Doc. 1 at 6). That claim, however, consisted of a long list—without citations to the underlying record or meaningful elaboration—of alleged failures by Petitioner's counsel. In responding to the petition, Respondents identified thirty separate theories of ineffective assistance of counsel contained in that claim. (Doc. 6 at 2-4). Respondents then argued twenty-eight of those theories were "procedurally defaulted, without excuse" and the remaining two theories could be addressed on their merits but were "meritless." (Doc. 6 at 5). Magistrate Judge Duncan agreed with Respondents as did the Court when accepting the Report and Recommendation.

Petitioner now seeks reconsideration, primarily arguing he exhausted all of his theories of ineffective assistance of counsel. According to Petitioner, "all of the

[ineffective assistance of counsel] claims in the writ of habeas corpus were indeed presented to the Arizona Court of Appeals and to the Pinal County Superior Court in a Rule 32." (Doc. 25 at 1). That is not accurate.

The petition for post-conviction relief filed in superior court and the petition for review filed in the Arizona Court of Appeals are almost identical. (It appears the petition for review was simply a photocopy of the argument section from the original petition.) Those documents did not raise all thirty theories of ineffective assistance of counsel that Petitioner asserted in his federal petition. In fact, in his reply in support of his petition for review Petitioner himself claimed he was pursuing "11 reasons . . . of how [he] was ineffectively assisted throughout this case." (Doc. 8-5 at 5). Given Petitioner's own statement that he only raised eleven theories in state court, there is no question that at least some of the theories in his federal petition were not exhausted.[1] Petitioner has never provided a basis for excusing that failure, meaning the Court did not err in finding numerous theories procedurally defaulted.

As for those ineffective assistance of counsel theories Petitioner did attempt to assert in state court, he did not "fairly present" those theories by clearly identifying the "legal principles" and the "operative facts" underlying his theories. *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). Thus, even the claims that Petitioner attempted to assert in state court were not exhausted for purposes of federal review.[2] Petitioner has not offered any basis to excuse that failure. Therefore, almost all of the theories Petitioner raised in federal court are procedurally barred. Petitioner's request for reconsideration regarding

---

[1] Petitioner was required to exhaust each separate theory supporting his ineffective assistance of counsel claim. *See, e.g.*, *Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005) (holding "a petitioner who presented any ineffective assistance of counsel claim below can[not] later add unrelated alleged instances of counsel's ineffectiveness to his claim"); *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) ("As a general matter, each unrelated alleged instance [ ] of counsel's ineffectiveness is a separate claim for purposes of exhaustion.").

[2] The Arizona Court of Appeals rejected the theories Petitioner attempted to raise because Petitioner did not provide "supporting evidence or citations to the record." (Doc. 8-6 at 4). Previously, the Court agreed with Magistrate Judge Duncan that the state court's reasoning meant the claims were not reviewed pursuant to a state procedural bar. That still appears to be correct. But even setting that aside, Petitioner's conclusory arguments and assertions were not sufficient to exhaust the theories under longstanding federal exhaustion requirements.

those procedurally barred claims must be denied.

The Court previously concluded two of the ineffective assistance of counsel theories could be addressed on their merits: counsel's failure to challenge venue and counsel's failure to file a motion to suppress. The Court concluded neither of those theories merited relief but Petitioner seeks reconsideration regarding the motion to suppress theory.

During the prosecution, the state obtained search warrants to search Petitioner's phone. Petitioner now argues "the search warrants do not include a chain of custody nor a return on the warrants. There is no proof of where they got the phone, since it was not in my possession." (Doc. 25 at 2). It is not clear what Petitioner is arguing but these assertions do not provide any basis for reconsideration. The relevant issue is whether Petitioner received ineffective assistance of counsel when his counsel failed to file a motion to suppress. To succeed Petitioner would need to establish that, had his counsel filed a suppression motion, "he would have prevailed . . . and that there is a reasonable probability that the successful motion would have affected the outcome." *Bailey v. Newland*, 263 F.3d 1022, 1029 (9th Cir. 2001). Petitioner's motion for reconsideration does not establish either requirement. Therefore, there is no basis to reconsider the rejection of Petitioner's ineffective assistance of counsel claim involving the search warrants.

Finally, Petitioner's motion for reconsideration argues the state court erred in using a previous felony to impose an aggravated sentence. (Doc. 25 at 2-3). Petitioner did not exhaust any claim related to errors in sentencing and he has not provided any basis to excuse that failure here.

Accordingly,

**IT IS ORDERED** the Motion for Reconsideration (Doc. 25) is **DENIED**.

Dated this 11th day of March, 2020.

Honorable Roslyn O. Silver
Senior United States District Judge